UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

JONATHAN WHEELER-WHICHARD,

          Plaintiff,

          -v-

WESLEY CANFIELD, Doctor, et al.,

          Defendants.

───────────────────────────────

DECISION AND ORDER
10-CV-0358S

## INTRODUCTION

On August 25, 2010, the Court granted plaintiff permission to proceed *in forma pauperis*, denied his motion to file a supplemental the complaint without prejudice to re-filing because he failed to attach a copy of the proposed supplemental complaint, denied plaintiff's motions for a temporary restraining order ("TRO") and preliminary injunction, denied plaintiff's motion to seal this action by proceeding under a pseudonym but directed that the medical records attached to the complaint be detached and filed under seal, and directed the Clerk of the Court to cause the United States Marshals Service to serve a the summons and complaint on defendants Canfield, Ruiz and Evans. (Docket No. 7, Decision and Order.) The Court also requested that, pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 75 (1997), the New York State Attorney General's Office to attempt to ascertain the identity of the defendant "Nurse Mark Doe." (*Id.*)

Plaintiff has since filed a motion for reconsideration of that part of the Court's Decision and Order denying his motion for a TRO and preliminary injunction (Docket No. 1), a motion for appointment of counsel (Docket No. 9) and a motion for permission to file a supplemental complaint

along with a proposed supplemental complaint (Docket No. 11). For the following reasons, plaintiff's motions for reconsideration and appointment of counsel are denied,[1] and permission to file a supplemental complaint is granted.

## DISCUSSION

### A. MOTION FOR RECONSIDERATION[2]

Plaintiff's complaint alleged, in part,[3] that in March 2009, while incarcerated at the Southport Correctional Facility, he began experiencing pain in his left flank area and was advised that it was caused from an old scar and was prescribed over-the-counter pain medication. Plaintiff continued to experience pain and was repeatedly told by defendant Nurse Mark Doe that the pain was from an old scar and prescribed over-the-counter pain medication. In September 2009, plaintiff was seen by defendant Canfield, M.D., who advised plaintiff that he had reviewed the lab results and determined that there were no problems with plaintiff's liver and kidneys, as plaintiff had believed, and that plaintiff did not have cancer as he had feared. Canfield also advised plaintiff that his flank pain was due to a lack of exercise and prescribed a muscle relaxer. Plaintiff was transferred to the Attica Correctional Facility on September 25, 2009, and continued to complain of flank pain.

Plaintiff repeatedly put in requests for sick calls at Attica and was seen by a Nurse, who made plaintiff appointments with defendants Evans, M.D., and Ruiz, P.A. Ruiz had agreed with the

---

[1]A more fully developed record will be necessary before the Court can determine whether plaintiff's chances of success warrant the appointment of counsel. Therefore, plaintiff's motion is denied without prejudice to its renewal at such time as the existence of a potentially meritorious claim may be demonstrated. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (when determining whether to appoint counsel, the Court must first look to the "likelihood of merit" of the underlying dispute).

[2]Pursuant to the Court's rotating Duty Judge system, I issued the Decision and Order plaintiff is now seeking reconsideration of and, therefore, I am the Judge responsible for plaintiff's motion for reconsideration.

[3]A summary of facts is gleaned from the Court's prior Decision and Order, which was gleaned from plaintiff's complaint.

diagnosis of Nurse Mark Doe, refused to order an MRI and ordered a psychological consult. Dr. Evans advised plaintiff that Nurse Mark Doe and Dr. Canfield were not correct with respect to their diagnosei of plaintiff's flank pain and ordered a stronger muscle relaxer, x-rays and blood tests. Plaintiff alleged that Dr. Evans advised him after review of the lab tests and x-rays that plaintiff's flank pain was caused by the production of extra protein by the kidneys not an old scar. Plaintiff also advised Nurse Mark Doe that be believed he had H. Pylori and pancreatic cancer because of television and news accounts that pancreatic cancer was the disease that caused the death of actor Patrick Swayze. Plaintiff continued to complain of pain and noted that his requests for an MRI were denied. He claimed that he did not trust the medical staff at Attica and thus filed this action.

The Court denied plaintiff's motion for a TRO and preliminary injunction on the bases that, pursuant to Fed.R.Civ.P. 65(b), plaintiff had failed to certify that he had made efforts to notify defendants of his motion for injunctive relief and, even if the Court were to ignore said failure, plaintiff had also failed to (1) demonstrate a likelihood of success on the merits and irreparable injury, or (2) raise serious questions going to the merits with a balance of hardships tipping in plaintiff's favor. (Docket No. 7, at 6-8 (citations omitted.)

According to the Second Circuit Court of Appeals:

> Rule 60(b) sets forth the grounds on which a court, in its discretion, can rescind or amend a final judgment or order. ... Properly applied, Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments. . . . In other words it should be broadly construed to do "substantial justice," . . . , yet final judgments should not "be lightly reopened." . . . The Rule may not be used as a substitute for a timely appeal. . . . Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances.

*Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (citations omitted).

Plaintiff's motion for reconsideration is truly nothing more than an appeal of the Court's denial of his motion for a TRO and preliminary injunction and, accordingly, the motion for reconsideration is denied. While plaintiff's motion raises additional arguments in support of his ultimate claim of deliberate indifference, he fails to again demonstrate his entitlement to a TRO and preliminary injunction. As noted in the Court's Decision and Order, plaintiff's allegations are "based primarily on [his] disagreement with the scope and type of medical care and treatment he has received for his complaints of pain." (Docket No. 7, at 8.) While the complaint was found to be sufficient to survive screening, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A (Docket No. 7, at 5, n.2), the allegations were insufficient to grant a TRO and preliminary injunction.

### B. MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

The Court denied plaintiff's first motion to file a supplemental complaint without prejudice to re-filing on the basis that he had not provided a copy of the proposed supplemental complaint. Plaintiff has now re-filed the motion for leave to file a supplemental complaint and a proposed supplemental complaint which adds another defendant, Jadow Rao, a physician at Attica, and alleges, *inter alia*, continued acts of inadequate medical care and treatment at Attica related to continued flank pain and the denial of a bone scan by Albany on two occasions before a bone scan was approved. The bone scan suggested a "small photopenic area in the sacrum to the left of midline. This is non-specific and 'could' be related to a bone island." (Docket No. 11, Proposed Supplemental Complaint, ¶ 33.) Dr. Rao saw plaintiff after the bone scan, rather than Dr. Evans, and told plaintiff that his flank pain was a bone issue for which nothing could be done and that he would not order a CT-scan because it would be denied by Albany, and that he would see plaintiff

again in January 2011. Plaintiff claims that Dr. Rao's actions or inactions are a violation of his Eighth Amendment right not to be subjected to cruel and unusual punishment. (*Id.*, ¶¶ 48-50.)

Accordingly, plaintiff's motion to file a supplemental complaint is granted and the Clerk of the Court is directed to detach the proposed Supplemental Complaint from the motion (Docket No. 11), and docket it separately as "Supplemental Complaint" and add "Dr. Jadow Rao, as a defendant in this action. The Clerk of the Court is again directed to detach the medical records from the Supplemental Complaint and file them under seal. (See Docket No. 7, Decision and Order, at 12-13.)

### C. SERVICE OF SUMMONS, COMPLAINT AND SUPPLEMENTAL COMPLAINT

As noted, the Court had previously directed that the summons and complaint be served upon defendants Canfield, Evans and Ruiz, and asked the New York State Attorney General's Office to attempt to ascertain the identity of defendant Nurse Mark Doe. While summonses were issued, there is no further information on the docket sheet regarding whether service of the summons and complaint has been effected on defendants nor whether the Attorney General's Office has been able to identify Nurse Mark Doe.

Accordingly, the Clerk of the Court is directed to re-issue summonses for defendants Canfield, Evans and Ruiz, and issue a summons for defendant Rao, and to cause the United States Marshals Service to serve the summons, complaint and supplemental complaint on defendants Canfield, Evans, Ruiz and Rao. The time to serve the summons and complaint on defendants Canfield, Evans and Rao will be extended an additional 120 days from entry of this Decision and Order. Fed.R.Civ.P. 4(m); *see Murray v. Pataki*, 09-1657-pr, 2010 WL 2025613, at *2 (2d Cir. May 24, 2008) (Summary Order) ("As long as the *pro se* prisoner provides the information necessary to

identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m)") (citations omitted)).

## **ORDER**

IT IS HEREBY ORDERED that plaintiff's motions for reconsideration (Docket No. 10) and appointment of counsel (Docket No. 11) are denied, and plaintiff's motion to file a supplemental complaint is granted;

FURTHER, that the Clerk of the Court is directed to detach the proposed Supplemental Complaint from the motion to amend/correct (Docket No1 11), docket it separately as "Supplemental Complaint" and add Dr. Jadow Rao as a defendant in this action;

FURTHER, that the Clerk of the Court is directed to detach from the Supplemental Complaint plaintiff's medical records and to file said records under seal;

FURTHER, that the time to serve the summons and complaint on defendants Canfield, Evans, and Ruiz is extended an additional 120 days from entry of this Decision and Order, and the Clerk of the Court is directed to cause the United States Marshals Service to serve the summons, complaint, supplemental complaint, this Order and the Order, entered August 25 ,2010 (Docket No. 7), upon defendants Canfield, Evans, Ruiz and Rao, and said defendants are directed, pursuant to 42 U.S.C. § 1997(g)(2), to file and serve a response to the complaint and/or supplemental complaint;

FURTHER, that the New York State Attorney General's Office is requested to ascertain the full name of defendant Nurse Mark Doe, who saw and treated plaintiff at the Southport Correctional Facility, C-Block, between May and September 2009, and advise the Court's Pro Se Office of said name so that the caption of this action can be amended and the summons and complaint served on Mark Doe (the Court notes that Mark Doe's signature appears on many of plaintiff's medical records

6

but is not legible. The last name appears to begin with an "L" and has the number 259 written next to the signature); and

FURTHER, a copy of the complaint is to be forwarded to the Assistant Attorney General in Charge, New York State Attorney General's Office, Buffalo Regional Office, Main Place Tower, 350 Main Street, Suite 300A, Buffalo, New York 14202.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: March 21, 2011
Rochester, New York