UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHNATHAN WHEELER-WHICHARD,

      Plaintiff,

  -vs-

R.N. MARK DELAURO,
DR. WESLEY CANFIELD, NURSE
PRACTITIONER WENDELYN RUIZ,
DR. JAMES EVANS, DR. JADOW RAO,
and P.A. DEBBIE GRAF,

      Defendants.

**No.1:10-CV-0358(MAT)(HKS)**
**DECISION AND ORDER**

---

## I. Introduction

Pro se plaintiff Johnathan Wheeler-Whichard ("Plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), instituted this action against Defendants pursuant to 42 U.S.C. § 1983, complaining about the medical care he received while at Attica, Wyoming, and Southport Correctional Facilities.

On August 15, 2013, Magistrate Judge H. Kenneth Schroeder issued a Report and Recommendation (Dkt #92), familiarity with which is assumed, recommending that Defendants' Motion for Summary Judgment be granted and that Plaintiff's Motion for Summary Judgment be denied. Plaintiff's objections, if any, were due fourteen (14) days after his receipt of the Report and Recommendation. On August 16, 2013, the matter was transferred to the undersigned (Dkt #93). Over three weeks has elapsed since Judge Schroeder's filing of his Report and Recommendation, and the Court

has not received any objections or motion for an extension of time from Plaintiff. On September 5, 2013, the copy of the Report and Recommendation sent to Plaintiff was returned to the Court, marked "undeliverable attempted not known".

As discussed further below, the Court finds no clear error in Judge Schroeder's Report and Recommendation, and therefore adopts it in its entirety.

## II. Applicable Legal Standards

### A. Standard of Review of a Report and Recommendation

When specific objections are made to a magistrate judge's report and recommendation, the district judge makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). When only general objections are made to a magistrate judge's report and recommendation, the district judge reviews it for clear error or manifest injustice. E.g., Brown v. Peters, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (collecting cases), aff'd without opinion, 175 F.3d 1007 (2d Cir. 1999). Similarly, when a party makes no objection to a portion of a report and recommendation, the district court reviews that portion for clear error or manifest injustice. E.g., Batista v. Walker, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (citations omitted); FED. R. CIV. P. 72(b), Advisory Committee Notes: 1983 Addition (citations omitted). After conducing the appropriate

review, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Objections filed by pro se parties generally are accorded leniency. Walker v. Vaughn, 216 F. Supp.2d 290, 292 (S.D.N.Y. 2002) (citing Vasquez v. Reynolds, No. 00 Civ. 0862, 2002 WL 417183, at *5 (S.D.N.Y. Mar. 18, 2002)). Nonetheless, even a pro se litigant's objections to a report and recommendation "must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." Dixon, 2007 WL 4116488, at *1 (quoting Camardo v. General Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992)).

**III. Discussion**

The Court has conducted a thorough review of the record herein, including, among other things, the parties' submissions, the Report and Recommendation, and the relevant legal authority. As noted above, Plaintiff has presented no objections to the Report and Recommendation. Since Plaintiff has failed to raise any objections, the Court reviews the Report and Recommendation for clear error or manifest injustice.

After reviewing the Report, the Court finds no such error. As Judge Schroeder noted, to make out a claim of deliberate medical indifference in violation of the Eighth Amendment, an inmate must

establish that he suffered from a "serious medical need," i.e., "'a condition of urgency' that may result in 'degeneration' or 'extreme pain,'" Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (quoting Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994)), that the defendant both knew of and disregarded that serious need, Johnson v. Wright, 412 F.3d 398, 403 (2d Cir. 2005), and that in doing so, the defendant had a culpable state of mind and intended wantonly to inflict suffering. Wilson v. Seiter, 501 U.S. 294, 299 (1991).

The Court assumes arguendo that Plaintiff had several "serious medical needs" during the relevant time period: left flank pain in the area of a scar from an old stab wound; bone pain; and an umbilical hernia that contains bowel; and an (asymptomatic) urachal remnant extending from the anterior aspect of the bladder. However, Plaintiff cannot establish that any of the medical defendants were deliberately indifferent to any of his medical complaints. As Judge Schroeder noted, Plaintiff received repeated examinations over the relevant time periods, including rheumatological consultations and various diagnostic tests.

It is noteworthy that after Plaintiff was transferred to Great Meadow Correctional Facility on September 30, 2011, the facility physician, Dr. Maddox, advised him that his test results were inconsistent with his description of the pain in his left flank; his umbilical hernia did not require emergency surgery as such

hernias can remain untreated for many years; and that all of his pain-related complaints were consistent with arthritis. As Judge Schroeder observed, over the years, Plaintiff's pain complaints were not ignored, but were treated with analgesics and muscle relaxants.

"[A] prisoner does not have the right to choose his medical treatment as long as he receives adequate treatment." Hill v. Curcione, 657 F.3d 116, 123 (2d Cir. 2011). The "essential test is one of medical necessity and not one simply of desirability." Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir. 1986) (internal quotation marks omitted).

This case comes down to Plaintiff's disagreement with his medical providers over the proper course of treatment, and it is well established that this does not create a constitutional claim. Chance, 143 F.3d at 703. Where, as here, the "treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." Id. Critically, there is no evidence from which to infer that any of the medical defendants acted with the requisite culpable state of mind in treating Plaintiff and evaluating his symptoms. "Issues of medical judgment cannot be the basis of a deliberate indifference claim where evidence of deliberate indifference is lacking." Hill, 657 F.3d at 123 (citation omitted).

**IV. Conclusion**

For substantially the reasons set forth in Judge Schroeder's thorough and well-reasoned Report and Recommendation, the undersigned adopts all of his conclusions. The Report and Recommendation is hereby adopted in its entirety, Defendants' motion for summary judgment is granted, and Plaintiff's complaint is dismissed.

The Clerk of the Court is requested to close this case.

**IT IS SO ORDERED.**

                                    **S/Michael A. Telesca**

                                 _____
                                      MICHAEL A. TELESCA
                                  United States District Judge

Dated:    September 9, 2013
            Rochester, New York